# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
# MARTINSBURG

**ARNUFO O. LABASBAS and**
**LILLIE LABASBAS,**

    Plaintiffs,

v.

**CIVIL ACTION NO. 3:07-CV-55**
**(BAILEY)**

**SHARI H. ROGERS, AGRICREDIT**
**ACCEPTANCE, LLC, and**
**RANDALL E. ROGERS,**

    Defendants.

## MEMORANDUM ORDER
## GRANTING MOTION TO REMAND

Pending before this Court is the plaintiffs' Motion to Remand to Circuit Court of Jefferson County, West Virginia [Doc. 13]. This action was filed on April 5, 2007, in the Circuit Court of Jefferson County, West Virginia, seeking damages for alleged breach of contract, fraud, and trespass surrounding the purchase of the defendant's parcel of real estate and a tractor, which unbeknownst to the plaintiffs had been pledged as security for a loan, had delinquent payments, and which was removed from the plaintiffs' property against their will. Process was served on the defendant on April 9, 2007, and this action was removed to this Court by the defendant on May 3, 2007 [Doc. 1].

Now, the plaintiffs contend that the amount in controversy falls short of the jurisdictional limit. In a response, defendants note that, in addition to the claim for compensatory damages, plaintiffs' Complaint [Doc. 1] contains a $100,000 punitive damage demand. As such, the defendants argue that the amount in controversy, based on the

1

plaintiffs' Complaint [Doc. 1], is well in excess of the jurisdictional requirement of $75,000.

The basis of the Motion to Remand is that the amount in controversy does not exceed the $75,000 threshold requirement of 28 U.S.C. § 1332. Under Section 1332, "the district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs," and, in this case, where the parties are citizens of different States (Virginia, Florida, Delaware, and Iowa). 28 U.S.C. § 1332 (a) (1).

Pursuant to Order dated August 8, 2007 [Doc. 16], and to the extent that they wished to pursue their Motion to Remand [Doc. 13], the plaintiffs in this case were directed to file an affidavit setting forth a binding limit on total damages (punitive and compensatory) including fees, if sought, that the plaintiffs were to seek and accept in this present action. Additionally, pursuant to 28 U.S.C. § 1332 (a), the stipulated amount was not to include interests and costs. On October 5, 2007, the plaintiffs filed a joint affidavit agreeing that their claim, including all elements, does not exceed $74,999.99 [Doc. 23].

Based upon the foregoing, it is clear that the plaintiffs' Motion to Remand to Circuit Court of Jefferson County, West Virginia [Doc. 13], should be, and the same hereby is, **GRANTED**. Accordingly, this case is hereby **REMANDED** to the Circuit Court of Jefferson County, West Virginia, for all further proceedings.

It is so **ORDERED**.

The Clerk is hereby directed to transmit copies of this Order to counsel of record herein.

**DATED:** October 16, 2007.

JOHN PRESTON BAILEY
UNITED STATED DISTRICT JUDGE